UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**UNITED STATES OF AMERICA,**

v.                                                              Case No.:   3:15cr060/MCR

**GARY R. TOMEY, II.**
_____/

**ORDER**

In January 2017, Defendant Gary R. Tomey was convicted of several mail and/or wire fraud offenses and sentenced to 90 months' imprisonment, followed by five years of supervised release. On May 13, 2021, Tomey was placed on home confinement by the Bureau of Prisons under the CARES Act,[1] where he served the remainder of his custodial sentence. On January 14, 2022, Tomey began his term of supervised release. Within months thereafter, Tomey requested early termination of supervision. *See* ECF No. 155. The Court denied the request because Tomey had not yet served the statutorily-required full year of supervised release and thus was not yet eligible for early termination. *See* ECF No. 156. Tomey is now eligible, having served just over one year of supervision, and the Court now *sua sponte* grants early termination of his supervised release.

---

[1] The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") authorized the Bureau of Prisons to place eligible inmates on extended periods of home confinement during the federal state of emergency due to COVID-19.

Briefly, under 18 U.S.C. § 3583(e)(1), a district court has discretion to terminate the remainder of a defendant's term of supervised release after the defendant has completed one year of supervision, if the court is satisfied that doing so is warranted by the defendant's conduct and the interest of justice. *See also United States v. Johnson*, 877 F.3d 993, 996 (11th Cir. 2017). Here, Tomey has completed one year of supervision without any issues of non-compliance and, in fact, was moved to the United States Probation Office's Low Risk Supervision caseload as a result. Similarly, as the Court previously observed, *see* ECF No. 156 at 2, Tomey's prison record also was exemplary. He maintained stable employment during his incarceration, successfully completed substance abuse treatment and other educational programming, and even assisted with ongoing repairs of severe hurricane damage at FCI Marianna for more than 17 months. Although Tomey only began his term of supervised release in January 2022, he actually has been out of prison and living in the community for nearly two years, since May 2021, when he was released to home detention, which required him to abide by fairly strict rules, submit to drug testing, and report twice a month to Keeton Corrections, a Residential Reentry Center. According to Keeton Corrections, Tomey did well on home detention, never violated any rules, and never failed a drug test. Further, he has maintained full-time employment since June 2021 and his employer describes his work as "exemplary." Tomey also has held a stable residence with his wife and children since his release from prison, incurred no new arrests or convictions, and

remained in compliance with all conditions of release. More significantly, he has paid both his restitution obligation ($6,677.00) and the court-imposed Special Monetary Assessment ($800)—*in full*. Tomey is considered a low risk of recidivism based on the Risk Prediction Index (RPI) and Post-Conviction Risk Assessment (PCRA) statistical risk assessment tools developed by the Administrative Office of the United States Courts.[2] There is no evidence Tomey has had any difficulty reintegrating himself into the community, and there is no evidence or even argument suggesting he poses any identifiable risk to the safety of any person or to the community. Nor is there any evidence or reason to believe that continuation of Tomey's supervision is needed to adequately deter him or others, or to provide him with necessary medical care or correctional treatment.

The Government and United States Probation Office oppose early termination of Tomey's supervision because he has not yet satisfied his forfeiture money judgment, which has an outstanding balance of $1,218,415.59, and he has failed to make any effort to do so beyond a single payment in the amount of $713.87 in January 2017. On consideration of the totality of the circumstances, these facts do not dissuade the Court from terminating Tomey's supervision at this time. It is not uncommon for the Government and Probation Office in this district to either recommend or not oppose early termination of supervision for defendants who still

---

[2] Tomey's RPI is 1 (on a scale of 0-9) and his PCRA score indicates he is a low risk of recidivism with a violence category of 1.

owe financial obligations, including restitution, and the Court sees no reason why Tomey's case should be treated any differently, particularly since neither the Government nor the Probation Office raised any issue about Tomey's failure to make payments towards the forfeiture judgment in the last year.  Nothing precludes the Government from attempting to collect on Tomey's forfeiture judgment now or in the future, whether or not he is on supervision.  Continuing Tomey's supervision—and devoting the limited resources of the Probation Office to that end—confers no benefit of significance to that process.  And given Tomey's otherwise successful reintegration into society, continued supervision would not further the sentencing purposes of 18 U.S.C. § 3553(a).[3]

On balance, the relevant statutory sentencing factors, and the interest of justice weigh in favor of early termination of Tomey's supervised release.[4]  Accordingly, the Court hereby terminates Tomey's supervision, effective immediately.

**SO ORDERED**, on this 27th day of January, 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[3] In determining whether termination of supervision is warranted, courts must consider certain enumerated § 3553(a) sentencing factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, protect the public from further crimes of the defendant, provide him with any required training or correctional treatment in the most effective manner, avoid unwarranted sentencing disparities, and provide restitution to any victims of the offense; the Guidelines range; and the Sentencing Commission's policy statements.  *See* 18 U.S.C. § 3583(e); *United States v. Johnson*, 877 F.3d 993, 996 n.7 (11th Cir. 2017).

[4] *See id*.